In the Matter of the Estate of Nettie Bowne, Deceased.
Surrogate's Court, New York County, July 6, 1932.

*Beals & Nicholson,* for the petitioners.

*Cadwalader, Wickersham & Taft,* for the New York Association for Improving the Condition of the Poor.

*Hornblower, Miller, Miller & Boston,* for Syracuse University.

*Griggs, Baldwin & Baldwin,* for Drew University.

*Otheman & Swain,* for St. Christopher's School.

*Harper & Matthews,* for the Madison Avenue Methodist Episcopal Church.

*Richard Kelly,* for the Methodist Episcopal Church Home.

*Benjamin Shiverts,* for the Irish Linen Shop, Inc.

*John G. Saxe,* as special guardian.

O'Brien, S. This is an application for the construction of a will in an accounting proceeding by the executors and trustees of the last will and testament of the above-named testatrix. The decedent left a considerable estate, consisting mainly of 3,437 shares of stock in the Samuel W. Bowne Estate Company, which is a holding company — a private corporation which owns all the stock in the Scott & Bowne Company, manufacturers of "Scott's Emulsion."

The testatrix in her will set up several trusts, some for individuals, and five for charitable, educational, religious and benevolent institutions, to wit, Syracuse University, Drew Theological Seminary, Methodist Episcopal Church Home in New York City, Madison Avenue Methodist Episcopal Church and St. Christopher's Home. Most of the stock in the Samuel W. Bowne Estate Company was sold by the executors and trustees and the proceeds reinvested in legal securities.

The charitable corporations contend that the testatrix intended to make an outright gift to them at such time as this stock might be sold, instead of limiting them to the receipt of the income on their proportionate shares of the stock directed to be held in trust for them respectively. I find no such expression of intention anywhere in the will. A typical example of one of these trust provisions, which are all similar, reads as follows: " *Twenty-third.* I give, devise and bequeath to my trustees hereinafter named, or to such of them as shall qualify, the survivor of them, and their and his successors, seventy shares of the preferred capital stock of said The Samuel W. Bowne Estate Company, to have and to hold the same in trust, nevertheless, to and for the uses and purposes following:

" To collect the income, dividends and profits therefrom, and after paying all expenses in caring for the said trust, to pay the net income thereof to the Madison Avenue Methodist Episcopal Church of the City of New York."

The testatrix mentions no time for the duration of the several trusts, but as the corporate legatees are engaged in religious, educational or charitable pursuits, a trust can be created for their benefit to run in perpetuity. I, therefore, hold that the trusts are valid, and that the beneficiaries are entitled only to the income thereon, because the language used by the testatrix is definite and plain and in no way shows an intention to make a gift of the principal to said corporations.

Question No. 2. The Methodist Episcopal Church, one of the beneficiaries of a trust fund, contends that two trustees who were named as *alternates* in the will, to wit, Robert Bowne Coburn and John D. Beals, Jr., should give bonds as trustees. These two are named as trustees directly in the will upon the happening of certain contingencies, which have occurred. The general clause appointing the trustees contains the following words: " It is my wish and I hereby request that no bond or security of any kind shall be required of my said executors or trustees for the faithful discharge of their duties as such."

Douglas Nicholson is the only one of the *original* trustees who has

qualified, and the objectants submit that as to him there is no question that he does not have to give a bond, but they contend that the other two, the *alternates*, should give a bond. These alternates were specifically named in the will of the testatrix, and I hold that the provision above quoted which directed that the executors and trustees give no bond, applies with equal force to these alternates, notwithstanding that the testatrix did not expressly so state. The tenor of this provision shows that the testatrix intended it to apply to *any trustee* named by her, either *original* or *alternate*.

Submit decree on notice accordingly.